INSD Pro Se Employment Discrimination Complaint 10/21 (adapted from AO Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana



| | |
|---|---|
| **Tanisha Mayers** | Case No. 1:22-cv-0128 JMS MG *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Jury Trial: *(check one)* ■Yes ☐No |
| -v- | |
| **City of Indianapolis** | FILED<br>JAN 1 8 2022<br>U.S. CLERK'S OFFICE<br>INDIANAPOLIS, INDIANA |
| *Defendant(s)* | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date, the full name of a person known to be a minor, or a complete financial account number. A filing may include *only*: the last four digits of a social security number, the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievances, witness statements, evidence, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

INSD Pro Se Employment Discrimination Complaint 10/21 (adapted from AO Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination)

## I. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

## II. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Tanisha Mayers |
| Street Address | 3625 Willowood Dr |
| City and County | Indianapolis |
| State and Zip Code | Indiana 46235 |
| Telephone Number | 619-302-6709 |
| E-mail Address | tmayers79@yahoo.com |

INSD Pro Se Employment Discrimination Complaint 10/21 (adapted from AO Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination)

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, a corporation, or another entity. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Paige Bova Kervan (white female) |
| Job or Title *(if known)* | Chief Operation Officer |
| Street Address | 200 E. Washington Street, T-1221 |
| City and County | Indianapolis and Marion |
| State and Zip Code | Indiana and 46204 |
| Telephone Number | 317-327-4513 |
| E-mail Address *(if known)* | paige.bova@indy.gov |

Defendant No. 2

| | |
|---|---|
| Name | Christine Kerl (white female) |
| Job or Title *(if known)* | Chief Probation Officer |
| Street Address | 200 E. Washington Street, Suite 642 |
| City and County | Indianapolis and Marion |
| State and Zip Code | Indiana and 46204 |
| Telephone Number | 317-327-4252 |
| E-mail Address *(if known)* | christine.kerl@indy.gov |

Defendant No. 3

| | |
|---|---|
| Name | Christina Ball (white female) |
| Job or Title *(if known)* | Deputy Chief Probation Officer |
| Street Address | 2451 N Keystone Ave |
| City and County | Indianapolis and Marion |
| State and Zip Code | Indiana and 46218 |
| Telephone Number | 317-327-8300 |
| E-mail Address *(if known)* | christina.ball@indy.gov |

# ATTACHMENT – Tanisha Mayers

## B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, a corporation, or another entity. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 4
    Name: Kevin Riley (white male)
    Job or Title *(if known)*: Assistant Deputy Chief Probation Officer
    Street Address: 2451 N Keystone Ave
    City and County: Indianapolis and Marion
    State and Zip Code: Indiana and 46218
    Telephone Number: 317-327-8300
    E-mail Address *(if known)*: kevin.riley@indy.gov

Defendant No. 5
    Name: Jill Wynne (white female)
    Job or Title *(if known)*: Probation Officer
    Street Address: 2451 N Keystone Ave
    City and County: Indianapolis and Marion
    State and Zip Code: Indiana and 46218
    Telephone Number: 317-327-8300
    E-mail Address *(if known)*: jill.wynne@indy.gov

Defendant No. 6
    Name: Lisa Jackson-Akers (white female)
    Job or Title *(if known)*: Probation Officer
    Street Address: 2451 N Keystone Ave
    City and County: Indianapolis and Marion
    State and Zip Code: Indiana and 46218
    Telephone Number: 317-327-8300
    E-mail Address *(if known)*: lisa.jackson-akers@indy.gov

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Marion Superior Court, Juvenile Division |
| Street Address | 2451 N Keystone Ave |
| City and County | Indianapolis and Marion |
| State and Zip Code | Indiana and 46218 |
| Telephone Number | 317-327-8300 |

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

**A.** The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☐ Retaliation.
- ☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

**B.** It is my best recollection that the alleged discriminatory acts occurred on date(s)

October 10, 2019; September 30, 2019; September 19, 2019; September 6, 2019

**C.** I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☒ is/are not still committing these acts against me.

INSD Pro Se Employment Discrimination Complaint 10/21 (adapted from AO Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination)

**D.** Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- [✓] race — Black / African American
- [ ] color
- [ ] gender/sex
- [ ] religion
- [✓] national origin — Latina / Costa Rican
- [ ] age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- [ ] disability or perceived disability *(specify disability)*

**E.** The facts of my case are as follows. Attach additional pages if needed.

Statement of Claim: 1

The plaintiff, Tanisha Mayers, worked for the Marion Superior Court, Juvenile Division, at its Indianapolis area office from 2016 through 2019. Mayers held the position of Juvenile Justice Advocate also know as Juvenile Detention Alternatives Initiative Coordinator (JDAI). Mayers managed from the middle to coordinate the JDAI initiative with internal and external stakeholder; judges, attorneys, probation officers, detention center staff, DCS, and other child serving organizations/ entities who served as subject experts. Mayers received external supports from the Annie E. Casey Foundation, the Indiana State JDAI Team and other coordinators throughout the State of Indiana. Mayers coordinated the various JDAI committees: admissions/alternatives to detention, data usage, race ethnicity and inclusion, case processing, juvenile detention advisory board and the deep end efforts. On October 10, 2019, Christine Kerl and Paige Bova Kervan fired Mayers from her job because she is a Black/African American female of Costa Rican national origin. As a result, Mayers suffered lost wages, humiliation and reputation damage. Mayers wants Marion Superior Court to make her whole again, letters of recommendation, and reinstatement eligibility.

Additional Pages Attached
Charge filed with ICRC

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## ATTACHMENT – Tanisha Mayers

**E.** The facts of my case are as follows. Attach additional pages if needed.

### STATEMENT OF CLAIM: 2

On October 10, 2019, while plaintiff Tanisha Mayers was on her lunch break, Christina Ball (Mayers immediate supervisor) approached her to notify her that Paige Bova Kervan and Christine Kerl had something to give her (Mayers) in the Muster Room (meeting space). When Mayers entered the Muster Room Kerl and Kervan were waiting for her. Ball who approved and managed Mayers duties did not attend the meeting. Christine Kerl is Christina Balls manager and Paige Bova Kervan at the time of Mayers employment wore many roles: CFO, Human Resource Manager and Detention Center Manager.

In the meeting Kerl handed Mayers a three-page form titled Marion Superior Court Corrective Action Record and instructed Mayers to read the form. While reading the form, Mayers spotted false and refutable statements. When Mayers got to the last page of the document she noticed that the termination section was already pre-populated. Prior to this meeting Mayers was not aware that her performance was unsatisfactory, nor she that had violated any policies since the 1st reprimand presented by Kerl on 09/19/2019.

In the 10/10/2019 corrective action record Kerl presents a three-page document of Mayers unsatisfactory job performance. Below are a few of the reasons Mayers was terminated:

 a) For following Christina Balls directives to perform job duties. Ball was a micro manager and every assignment had to be approved by her.
 b) Events that occurred the previous year (October of 2018),
 c) For applying for a grant to fund a trip to the Underground Railroad Museum and a grant to send delegates to a restorative justice conference. The grants above went through JDAI's and Marion Superior Courts approval process.
 d) For Paige Bova Kervans (aka detention manager) dissatisfaction with the contents of the grant funded juvenile detention assessment conducted by 20 plus community stakeholders. Which Kerl states negatively impacted my relationship with Bova.
 e) For failing to exhibit adequate data skills. There was no data manual/guide to reference. For the last three years Marion County scored low in this area of the JDAI State Teams performance evaluation. Ball was the only data expert for the Juvenile Court and Mayers had to rely on Ball for data instructions.

Mayers was only made aware of these performance issues during the 10/10/2019 termination meeting. Mayers was not given the opportunity to respond to the 09/19/2019 allegations nor these. Mayers never received her 2019 performance evaluation, was supervised by Christina Ball and took direction from her to complete assignments. Kerl and Kervan did not apply Marion Superior Courts internal disciplinary policies and Mayers was disciplined harshly because of her race and national origin. As the CFO, human resource manager and detention manager Paige Bova Kervan was involved in multiple interests and participated in the decision-making process to terminate Mayers. Mayers white counterparts received disciplinary due process, were informed of their performance issues in advance, given warnings, and the opportunity to respond to and or rectify allegations before being disciplined or terminated. Mayers qualified for the job and was performing her job duties satisfactorily.

**STATEMENT OF CLAIM: 3**

On September 30, 2019, Christine Kerl and Christina Ball scheduled an impromptu meeting with Mayers. On 09/19/2019 Kerl agreed to have a conversation with Magistrate Gaither, Ball and Mayers about the corrective action record she presented on behalf of Christina Ball while she was on vacation. Kerl did not include Magistrate Gaither in the meeting as agreed.

Kerl started the meeting by stating that we were here to meet because during the meeting on 9/19/2019, Mayers expressed that there were areas where she was not getting assistance. Kerl informed Ball that she asked Mayers to create a list of items/areas she needed assistance. Kerl then instructed Mayers to state things that she likes about the job. Kerl prompted Mayers response by stating "you like working for…", "you like…". However, this was not the purpose of the meeting.

When Mayers started addressing the corrective action record she was told by Kerl that they were not here to discuss the corrective action record and to only discuss the areas where Mayers needed additional support. Mayers stated that the corrective action record was a perfect example of an area where she needed additional supports. Kerl then stated, you did not record your time and that is an issue and violation of policy. During the meeting on 9/19/2019 Kerl stressed that because of Mayers misconduct the Court could get in trouble with the Department of Labor. Mayers informed Kerl and Ball that she contacted the Department of Labor on 9/19/2019 and the representative she spoke with said since the time was adjusted with in the pay period there would be no penalties to the Court and that since Mayers supervisor (Ball) adjusted the time the disciplinary action should have been presented to Ball.

Mayers went on to discuss the corrective action record and how it was noted in the document that if I received another disciplinary action, that action would result in termination. Mayers asked for assistance with remedying that disciplinary action and how to submit comments/ a rebuttal. Both Christina Ball and Christine Kerl stated that there would be no termination and that we would establish a plan to get the assistance Mayers needed.

Mayers is a non-exempt employee that participates in special events, in/out of state conferences and other activities which requires her supervisor to make changes to her time sheet. Mayers was disciplined by Kerl for following directives from her supervisor. Mayers was following the policy outlined in Marion Superior Courts Employee Human Resource Manual which states that questions about appropriate conduct should be directed to your supervisor which Mayers did.

Mayers informed Kerl and Ball that when Magistrate Chavers (former JDAI/Deep End Steering Committee Co-Chair) was here he offered supports especially when issues arose with other departments. Under the new judicial leadership (Mag Gaither and Haughan), Mayers was not getting the help she needed. On 9/6/2019 Mayers had a conversation with Christina Ball regarding Paige Bova excluding Mayers from all things concerning the Conditions of Confinement Assessment. Mayers stated that this was an area where she needed help from JDAI and probation leadership teams. Mayers asked Kerl and Ball if they could pull in the JDAI Magistrates (Magistrate Gaither and Haughan) to help. Mayers was also able to ask for tips on how to decline a Judicial Officers request for assistance. Mayers received a reprimand for assisting Magistrate Gaither with an event approved by Ball. Mayers requested detailed instructions on how to respond so that this doesn't happen again.

Mayers was also able to address the fact that Magistrate Chavers attempted to promote her prior to his retirement, February 2019 but wasn't able to because of time constraints and Ball was afraid that Mayers would take her job. Mayers noted that since Chavers announcement she has received less and less support from Ball, more scrutiny, has to work countless hours on her own and uses personal time to get her work done.

On 10/2018 Mayers was assigned Brandy Valdez's job duties and Christina Ball developed a plan to add internal supports to assist Mayers. Mayers reminded Ball and Kerl of the plan to split up Mayers job

2

duties between Brandy Valdez and Jill Wynne, but it never happened because Ball informed us that we were not going to implement the plan. However, months later they were able to create a dual job title for Jill Wynne and Lisa Jackson Akers to assist each other alternatives to detention (a JDAI core strategy). I requested the same level of assistance. The only assistance I was receiving was from interns that I had to recruit and train on a quarterly basis. The meeting was cut short, Kerl concluded the meeting by stating, that she and Ball would meet to discuss my job duties and develop a plan.

### STATEMENT OF CLAIM: 4

On September 27, 2019, Mayers attended a lunch meeting with Judge Mark Jones, Judge Marilyn Moores, Tashi Teuschler (State Assistant Director JDAI), Nancy Wever (State Director JDAI) and Christina Ball. The meeting was scheduled to discuss Juvenile Detention efforts in Marion County and to determine why Paige Bova Kervan was excluding Mayers from meetings and duties pertaining to the JDAI core strategy conditions of confinement and her detention center responsibilities. During the meeting Teuschler and Wever were able to discuss the importance of Mayers role in the Juvenile Detention Alternatives Initiative strategy: conditions of confinement, detention center work and the detention center assessments.

Mayers white predecessor (Jenny Young) was able to participate in all aspects of the core strategy conditions of confinement and was not excluded by Kervan from performing her job duties. From the meeting Judge Moores had agreed to contact Paige Bova Kervan to determine why she was excluding me from participating in meetings and duties pertaining to the detention center.
Mayers met with Ball on September 6, 2019, to discuss an email she received from Tashi Teuschler addressing concerns about Kervan excluding Mayers from attending meetings related to the Conditions of Confinement Assessment (an aspect of Mayers job duty). Mayers was forwarded an email from Tashi Teuschler where Teuschler request Mayers participation in a meeting and Page Bova Kervan excludes Mayers from participating.

Mayers informed Christina Ball that Kervan was circumventing the JDAI leadership team and excluding her from meetings and emails related to her job. During the meeting Mayers expressed to Ball that she strongly believes Paige Bova was seeking to terminate her or force her to resign as she did Terrance Asante-Doyle because of her dissatisfaction with the results of the JDAI detention center assessment. Christina Ball said I hope you're not expecting me to be able to do something, its Paige Bova and there's nothing that I can do. I informed Christina Ball that Tashi Teuschler requested we discuss these concerns when we meet with Judge Mark Jones, Judge Marilyn Moores and Nancy Wever on September 27, 2019.

### STATEMENT OF CLAIM: 5

Christine Kerl scheduled an impromptu meeting with Mayers on 9/19/2019. Kerl led the meeting by stating I know I sent an email praising you for your work with the Supreme Court Data Walk (9/3/2019), but I have a few things we need to discuss. Kerl stated your supervisor is on vacation and I wanted to get this taken care of as soon as possible. Mayers asked Kerl why she was presenting the document and not Christina Ball. Kerl stated I am her supervisor, and I am bringing this Corrective Action Record forward on her behalf.

a) On 9/19/2019 Kerl stated that Mayers didn't get approval to work on 9/2/2019. However, Mayers sought approval from Ball and was told to help Magistrate Gaither in whatever way necessary to prepare for the Supreme Court Data Walk. Mayers informed Kerl that she was working under the directive of Magistrate Gaither which was approved by Ball on 8/30/2019 and her timecard was approved on 9/9/2019. Kerl stated she already had a conversation with Ball and going forward Ball would no longer be able to modify Mayers timesheet, Kerl wanted real time.

b) In the corrective action document Kerl reprimands Mayers for entering the juvenile detention center without approval and walking around unescorted. Mayers informed Kerl that she was escorted by

3

detention staff, and it was a part of her duties as the juvenile justice advocate to enter the detention center to monitor the conditions of confinement. Mayers also informed Kerl that she entered the facility on 9/02/2019 at the request of Magistrate Gaither to assess the conditions of the facility for the data walk on 9/3/2019. Kerl stated that she would look at the detention centers video footage to confirm. Kerl then edited the corrective action document from reading:

*You shall:* "Not work outside of your scheduled work hours without advanced prior permission of your supervisor or a member of management"

*to read*

*You shall:* "Not work outside of your scheduled work hours without advanced prior permission of your supervisor or a member of probation management"

c) Considering the urgency of the corrective action Mayers did not sign the document in good faith because Mayers believed Kerl was violating her rights. Mayers instead wrote I received the document on 9/19/2019 and initialed. On 10/10/2019 Kerl terminated Mayers for insubordination for not signing the document.

d) Kerl and Mayers did not discuss the corrective action record in detail. Mayers requested a meeting with her immediate supervisor (Ball) and Magistrate Gaither to rectify the misunderstanding. Kerl agreed to schedule a meeting on 9/27/2019 or 9/30/2019. Mayers also requested to have a conversation about the areas where she was not getting assistance. Kerl instructed Mayers to make a list of the duties she needed assistance with.

Kerl implemented new policies/regulations that only impacted Mayers job duties and her similarly situated white colleagues were still able to earn comp-time, following directives given by Marion Superior Court management, and perform their job duties with no limitations. Kerl did not follow the discipline procedures itemized on their corrective action record forms nor in their human resources policy manual. Kerl made policy changes without prior notice of those changes, no effective date, no written correspondence of such changes and would not remedy the situation to meet the newly defined expectations even after her allegations were refuted. Kerl presented the disciplinary issues listed above in the absence of Mayers' immediate supervisor (Ball) and a neutral party. Mayers was qualified for the job, had a great performance track record and no prior disciplinary history, and was subjected to negative job actions because of her race and national origin.

## STATEMENT OF CLAIM: 6

Mayers position was modified in 10/2018. Christina Ball added Brandy Valdez's deep end job duties to Mayers duties with the understanding that another staff member would be assigned to assist. Between 10/2018 to 10/2019 Mayers' responsibilities increased but her pay, and classification remained the same. Mayers supervisor continued to assign additional duties to Mayers workload. On 8/29/2019 Mayers Supervisor Christina Ball requested the addition of another JDAI committee with no identified staff supports. Mayers was responsible for overseeing nine committees. In the JDAI performance evaluation meeting with Teuschler, JDAI State Team we discussed the implementation of the new committee starting 01/2020, Ball agreed with the plan and stated she would identify additional staff supports to assist. Ball was aware that Mayers was having a difficult time managing her workload but kept assigning tasks. Another Staff member was never added to Mayers workload.

Ball was able to accommodate, Jill Wynne and Lisa Jackson-Akers (similarly situated white colleagues) by establishing dual role duties where Wynne and Jackson-Akers could help each other with the alternatives to detention programing (a JDAI core value). While Wynne and Jackson-Akers were under Kevin Rileys management, Ball managed program goals and objectives. After Mayers was terminated Wynne and Jackson-Akers coordinated JDAI efforts under the guise of Program Specialist.

4

EEOC Form 161 (11/2020)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Tanisha Mayers<br>6110 West 25th Street<br>P.O. Box 241225<br>Indianapolis, IN 46224 | From: | Indianapolis District Office<br>101 West Ohio Street<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 24F-2020-01283 | Jeremy A. Sells,<br>State & Local Coordinator | (463) 999-1161 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature: Michelle Eisele]*

October 21, 2021

Enclosures(s)

Michelle Eisele,
**District Director**

*(Date Issued)*

cc: **Andrew C. Scheil, Attorney**
**OFFICE OF CORPORATION COUNSEL**
**200 East Washington Street, Suite 1601**
**Indianapolis, IN 46204**

**COMPLAINT OF DISCRIMINATION**
State Form 42782 (R2 / 6-14)

Date Received

DEC 0 5 2019

Indiana Civil Rights Commission

**INDIANA CIVIL RIGHTS COMMISSION**
100 North Senate Avenue, Room N300
Indianapolis, IN 46204
Telephone: (317) 232-2600
Toll free: (800) 628-2909

ICRC No: EMra19120129  BS/AA
EEOC NO: 24F-2020-01283

INSTRUCTIONS: Please type or print legibly.

Any person or representative aggrieved by a discriminatory practice or act contrary to the provisions of the Indiana civil rights laws may file a complaint with the Indiana Civil Rights Commission (ICRC). A complaint must be filed within one hundred eighty (180) days from the date of the last occurrence of the discriminatory act (except in housing cases). A complaint alleging a discriminatory housing practice must be filed within one (1) year from the date of the last occurrence.

### COMPLAINANT INFORMATION

| Name (first, last) | | | | |
|---|---|---|---|---|
| Tanisha Mayers | | | | |
| Home telephone number | Work telephone number | Mobile telephone number | E-mail address | |
| ( ) | ( ) | (619) 302-6709 | Tmeyers79@yahoo.com | |

Address (number and street, city, state, and ZIP code)
2625 N Meridian St Apt. 917

### SECONDARY CONTACT INFORMATION
(in the event that we cannot reach you at the above contact)

| Name (first, last) | | | Relationship |
|---|---|---|---|
| Daisy Mayers | | | mother |
| Home telephone number | Work telephone number | Mobile telephone number | |
| ( ) | ( ) | (619) 459-4812 | |

### RESPONDENT INFORMATION

Name of respondent
Marion Superior Court

| Address (number and street, city, state, and ZIP code) | Telephone number |
|---|---|
| 2451 N Keystone Ave. Indianapolis, IN 46218 | (317) 327-8300 |

Mailing address (number and street, city, state, and ZIP code)

Number of employees (please check one only)
- [ ] 1 - 5
- [ ] 6 -14
- [✓] 15 or more
- [ ] N/A

### AREA OF DISCRIMINATION

I believe I have been discriminated against in the area of:
- [ ] Credit
- [ ] Education
- [✓] Employment
- [ ] Public Accommodation
- [ ] Housing

I believe I have been discriminated against on the basis of:
- [ ] Age
- [ ] Ancestry
- [ ] Color
- [ ] Disability
- [✓] Race
- [ ] Religion
- [ ] Sex
- [ ] Retaliation
- [ ] Familial Status
- [ ] National Origin
- [ ] Veteran Status

What date did the alleged discriminatory act occur? (month, day, year)
October 10, 2019

How were you referred to the ICRC?
- [ ] Attorney / Lawyer
- [ ] Government Agency
- [ ] Friend
- [ ] Advertisement
- [ ] Brochure/Poster
- [✓] Internet
- [ ] Other _____

### GRIEVANCE OR OTHER ACTION FILED REGARDING THIS MATTER

| Name of procedure or agency | Date filed (month, day, year) |
|---|---|
| | |
| Status / Disposition | Date of disposition (month, day, year) | Date of alleged discriminatory act (month, day, year) |

Page 1 of 2

## STATEMENT OF ALLEGATIONS

On October 10, 2019 I was terminated.

I believe I was discriminated against based upon my race (African American-Latin).

On the above date Christine Kerl, chief probation officer and Paige Bova, HR manager for Respondent advised me I was being terminated for poor work performance. I was never written up or warned in regard to any type of performance based issue. April 1, 2019 I was due for a performance review in which Respondents never conducted. On multiple occasions I requested that for additional assistance when given an additional job that a former employee resigned from. Respondents did not respond any of my request. My similarly situated white coworkers were provided with the additional help without a request being made. Respondents hired staff and they were given an intern. My similarly situated white coworker Jill committed policy infractions in regard to attendance and was never subject to disciplinary action or terminated. I believe I was subject to different terms and conditions of employment and race was used to discriminate against me.

I am seeking all available remedies for a violation of Title VII of the Indiana Civil Rights Act of 1964, as amended and the Indiana Civil Rights Law.

## AFFIRMATION

I affirm, under the penalties for perjury that the foregoing representations are true.

Signature of complainant: [signature]

Date (month, day, year): 12/05/2019

### FOR OFFICE USE ONLY (DO NOT WRITE BELOW THIS LINE.)

How was intake inquiry received?
☐ Telephone   ☑ Walk-in   ☐ Web   ☐ Other: _____

Intake taken by: TLK   12/5/19

Assign to:

Date (month, day, year):



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Indianapolis District Office**

```
                              101 West Ohio Street, Suite 1900
                                     Indianapolis, IN  46204-4203
                        Intake Information Group:  (800) 669-4000
                    Intake Information Group TTY:  (800) 669-6820
                         Indianapolis Status Line: (866) 408-8075
                         Indianapolis Direct Dial: (317) 226-7848
                                            TTY   (317) 226-5162
                                     FAX  (317) 226-7953 & 5571
```

**December 5, 2019**

                                 **EEOC CHARGE NUMBER:**

                                 **24F-2020-01283**

                                 **FEPA CHARGE NUMBER:**
                                 **EMra19120129**

**23318 US HIGHWAY 33**
**ELKHART, IN 46517-3605**

                                 **CHARGING PARTY:**
                                 **Tanisha Mayers**

                                 **RESPONDENT:**
                                 **Marion Superior**
                          **Court**

Your above referenced charge of employment discrimination has been filed with the Indiana Civil Rights Commission. To preserve your rights under federal statutes, your charge has also been filed with the U. S. Equal Employment Opportunity Commission (EEOC); however, the Indiana Civil Rights Commission will investigate your charge.

Thank you for your cooperation in this matter.

                                 Sincerely,

                                 Michelle Eisele
                                 District Director

INSD Pro Se Employment Discrimination Complaint 10/21 (adapted from AO Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination)

### IV. Exhaustion of Federal Administrative Remedies

**A.** It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

Filled with ICRC on December 5, 2019. Submitted case for EEOC review on September 17, 2021 and received right to sue letter on October 21, 2021

**B.** The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☑ issued a Notice of Right to Sue letter, which I received on *(date)*  10/21/2021

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

**C.** Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ 60 days or more have not elapsed.

### V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Mayers wants to be made whole again, letters of recommendation, and reinstatement eligibility.

### VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

INSD Pro Se Employment Discrimination Complaint 10/21 (adapted from AO Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination)

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 01/18/2022

Signature of Plaintiff _[signature]_

Printed Name of Plaintiff Tonisha Mayers

INSD Pro Se Employment Discrimination Complaint 10/21 (adapted from AO Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination)

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 01/18/2022

Signature of Plaintiff _[signature]_

Printed Name of Plaintiff Tanisha M Layers